UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-                              REPORT AND
                                            RECOMMENDATION

DONNA TREUTLEIN,                        CV 04-5546 (DRH) (ETB)
a.k.a. DONNA STOERBACK,

                Defendant.
------------------------------------------------------------x

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

       The plaintiff commenced this action to recover a debt due and owing to the government. On September 9, 2005, a default judgment was entered against the defendant. Presently before the Court is the plaintiff's request for damages and attorney's fees. The defendant has neither pleaded nor otherwise defended herself in this action. For the following reasons, the plaintiff's motion for damages and attorney's fees should be granted.

## BACKGROUND

       On January 13, 2005, the United States of America ("plaintiff" or "United States") filed this complaint against Donna Treutlein, a.k.a. Donna Stoerback ("Treutlein" or "defendant"), alleging that she has failed to repay one government loan with a total principal amount of $1,972.90, plus interest and penalties. (Pl.'s Compl. at 2.) The complaint and summons were served on the defendant on April 11, 2005. (See Affidavit of Service, signed April 12, 2005.) Based on the defendant's failure to answer or otherwise move with respect to the complaint, the plaintiff filed a "Motion for Default and Final Judgment and for Approval of Legal Fees" on August 24, 2005. (Pl.'s Mot. For Default and Final Judgment and for Approval of Legal Fees.)

On August 30, 2005, the Clerk of the Court certified that defendant Treutlein neither answered nor otherwise responded to the complaint. (Clerk of Court's Notation of Default, signed by Lorraine Sapienza on August 30, 2005.) On September 9, 2005, Judge Hurley entered a default judgement against the defendant, and referred the matter to the undersigned for a hearing on attorney's fees and damages. (Entry of Default Judgment and Order of Referral by Hurley, J., dated September 9, 2005.) An inquest was scheduled for October 17, 2005 but was canceled due to a personal conflict and based on the detailed submissions of the plaintiff. The defendant has made no written submission to the Court on damages, nor has the defendant otherwise communicated with the undersigned in this action.

DISCUSSION

I.   Default Judgment and Inquest

When a party defaults, the factual allegations in the complaint are deemed to be true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080, 113 S. Ct. 1049 (1993); Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998). On September 9, 2005 Judge Hurley entered a default judgment against the defendant. Accordingly, the only remaining issue with regard to the defendant is the determination of damages and attorney's fees.

The Second Circuit Court of Appeals has held that, in the context of a default, the amount of damages may be determined without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages'" requested. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). The Court may not just accept the plaintiff's statement of damages, but may rely upon a detailed affidavit from the plaintiff or other submissions

2

in order to ensure that the requested amount of damages is appropriate. Id.

Here, the Court relies on plaintiff's "motion for default and final judgment and for approval of legal fees," dated August 23, 2005, and the plaintiff's "affirmation in support of damages and attorney's fees," dated October 14, 2005. The amount sought by the plaintiff is drawn directly from the applicable statutes, and rests on the factual allegations in the complaint, deemed to be true following the entries of default.

II. Awards

A. Damages

The government is entitled to enforce collection against student borrowers who default on federally insured loans. See 20 U.S.C. § 1080. On June 21, 1979, the defendant signed a promissory note to secure a loan in the amount of $1,890.00 from Bowery Savings Bank of New York at 7% interest per year. (See Promissory Note, attached to Pl.'s Aff. in Support of Damages and Attorney's Fees ("Pl.'s Aff.") as Exh. B.) According to the certificate of indebtedness prepared by the U.S. Department of Education, the holder of the loan demanded payment from the defendant when the loans were due, and after no payment was received, the loans were declared in default on February 13, 1980. (See Certificate of Indebtedness, attached to Pl.'s Aff. as Exh. A.) Thereafter, the loan was assigned to the Department of Education under loan guaranty programs authorized pursuant to Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. § 682). Pursuant to 34 C.F.R. § 682, capitalized interest accrues at a variable rate on the principal amount of a student loan before the loan goes into repayment. Accordingly, capitalized interest has increased the principal on the $1,890.00 loan to $1,972.90. (See id.) Further, as of September 22, 2005, interest had accrued on the principal in the amount of $3,540.24, increasing the amount of total debt as of September 22, 2005 to $5,513.14. (Id.)

Interest will continue to accrue at the rate of $.38 per day until the entire amount of the debt is paid in full. (Id.) Thus, taking into account the interest that has accrued between September 22, 2005 and October 25, 2005 (the date of this report), the defendant owes the plaintiff $5,525.68.

      B.      <u>Attorney's Fees and Costs</u>

The Court is authorized to award the United States, as the prevailing party in this action, any reasonable costs, fees, and expenses associated with the action. <u>See</u> 28 U.S.C. § 2412. As the Supreme Court has noted, "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation. . .multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhardt</u>, 461 U.S. 424, 433-435 (1983). This calculation is normally referred to as the lodestar method, and requires the court to determine the number of hours reasonably spent on the litigation as well as the prevailing market rates for the type of services rendered, i.e., the fees that would be charged for similar work by attorneys of like skill in the area. <u>See</u> <u>Orchano v. Advanced Recovery, Inc.</u>, 107 F.3d 94, 97-98 (2d Cir. 1997). Once the lodestar rate is calculated, the court may consider other factors that may allow it to either increase or decrease the fee. <u>See id.</u> at 98. The additional factors the court may consider include:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

<u>Hensley</u>, 461 U.S. at 430 n.3.

Alternately, in determining the reasonableness of attorney's fees in cases involving

collection on a promissory note, some courts have held that an award equal to 20% of the amount recovered is reasonable. See Peoples Westchester Sav. Bank v. Ganc, 715 F. Supp. 610, 611 (S.D.N.Y. 1989) (citing Nat'l Commercial Bank & Trust Co., 406 N.Y.S.2d 979, 980, 95 Misc.2d 284, 285 (N.Y. Sup. Ct. 1978)).

In this case, the plaintiff has requested attorney's fees in the amount of $1,102.63, representing 20% of the total amount due to the plaintiff. (Pl.'s Aff. ¶ 9.) In the alternative, the plaintiff requests the rate be calculated according to the "lodestar" method. (See id. ¶ 12.) Plaintiff's attorney, Michael Sucher, states in his sworn affirmation that his office expended at least 4.5 hours prosecuting this action, and his normal billing rate is $350.00 per hour. (Id. ¶ 13.) Plaintiff's attorney did not provide a contemporaneous time record or billing statements from his law office verifying his statement of hours, supplementary documents typically required by courts in this circuit. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 48 (2d Cir. 1983) ("Hereafter, any attorney. . . who applies for court-ordered compensation in this Circuit for work done after [June 15, 1983] must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."). However, I find plaintiff's request for 20% of the total amount due to plaintiff to be reasonable, and hereby recommend awarding $1,102.63 in attorney's fees.

## RECOMMENDATION

For the foregoing reasons and based on the plaintiff's submissions, the undersigned recommends that the United States be awarded damages against defendant Treutlein in the amount of $5,525.68, plus attorney's fees against defendant Treutlein in the amount of $1,102.63, for a total amount of $6,628.31.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e) and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs</u>., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED:

Dated: Central Islip, New York
       October 25, 2005

                                      <u>/s/ E. Thomas Boyle</u>
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge